IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

SAMUEL L. HALE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 09-CV-589-FHM

**OPINION AND ORDER**

Plaintiff, Samuel L. Hale, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1] Plaintiff's July 28, 2006, applications for Supplemental Security Income and disability benefits were denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held February 13, 2009. By decision dated April 27, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on July 10, 2009. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was 28 on date of alleged onset of disability and 34 on the date of the ALJ's decision.  He has a General Equivalency Diploma and formerly worked as pizza delivery driver, fast food worker, cashier, telemarketer, bus driver, and security guard.  He claims to have been unable to work since December 31, 2003, as a result of diabetes, status post lumbar surgery, history of wrist fracture bilateral, and obesity.  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary work. The ALJ found that considering Plaintiff's RFC, age, education and work experience, Rule 201.28 of the Medical-Vocational Guidelines (Grids) applies and directs a finding of "not disabled." [Dkt. 13-2, p. 23], 20 C.F.R. Part 404, Subpt. P, App. 2.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to follow the "treating source rule;" and improperly applied the Medical-Vocational Guidelines (Grids).

## **Application of the Treating Source Rule**

Plaintiff received medical treatment from Michael Durham, D.O. beginning May 23, 2008. On January 9, 2009, Dr. Durham completed a Medical Source Statement-Physical covering the period from May 2008 to January 2009. [Dkt. 13-11, pp. 41-42]. On that form Dr. Durham expressed his opinion that Plaintiff had the maximum capacity to stand and/or walk a total time of less than one hour in an 8-hour workday; stand and/or walk continuously for 5 minutes; sit a total of less than one hour in an 8-hour workday; and sit continuously for 5 minutes. *Id.* at 41. The ALJ rejected this opinion stating he:

> gives little weight to the opinion of Dr. Durham, the claimant's treating physician, as the doctor apparently relied quite heavily on the subjective reports of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.  Yet, as explained elsewhere in this decision, there exist good reason[s] for questioning the reliability of the claimant's subjective complaints.  The course of treatment pursued by the doctor has not been consistent with what one would except [sic] if the claimant were truly disabled as Dr. Durham has opined. Although, claimant has been seeing Dr. Durham since May 23, 2008, claimant's limitations were not documented until January 9, 2009.  There is no record of assistive medical devices being prescribed and it was often documented that claimant appeared in no apparent distress.  Furthermore, it appears the medical source statement-physical (January 9, 2009) is grossly exaggerated in regards to claimant's reported ability to sit or stand for 5 minutes, in light of claimant's entire medical record. The undersigned has considered Dr. Durham's other physical factors documentation in regards to claimant's testimony about his left wrist.

[Dkt. 13-2, p. 21-22]. Plaintiff argues that the reasons the ALJ gave for rejecting Dr. Durham's opinion about Plaintiff's abilities "was not in accordance with the law." [Dkt. 15, p. 4].

An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The undersigned finds that the ALJ gave specific and legitimate reasons for rejecting the opinion of Dr. Durham that Plaintiff was so drastically limited that, at a maximum, he could sit only five minutes at a time and less than an hour total in an 8-hour workday. [Dkt. 13-11, p. 41]. As Plaintiff pointed out, there are cases that suggest some of the ALJ's stated reasons for rejecting Dr. Durham's opinion are not legitimate ones. However, the ALJ's reasons have to be viewed together with the content of Dr. Durham's opinion about Plaintiff's abilities. Since Dr. Durham reported such extreme limitations in comparison to the information contained in his treatment notes, the ALJ's comments are legitimate observations.

If throughout the period Plaintiff was being treated by Dr. Durham he was capable of sitting a total of an hour a day, it is reasonable to expect that the treatment records of one so extremely limited would reflect that fact. However as the ALJ accurately noted, although Dr. Durham had treated Plaintiff since May of 2008, his record did not reflect documentation of any limitations until the form was completed. The ALJ also accurately noted that Dr. Durham often documented that Plaintiff appeared to be in no apparent distress. [Dkt. 13-11, pp. 25, 29, 31, 34, 38]. The court finds that the ALJ's rejection of Dr. Durham's opinion provides no basis for reversal.

4

The undersigned rejects Plaintiff's assertion that the obligation to recontact Dr. Durham was triggered. Plaintiff cited *White v. Massanari*, 271 F.3d 1256, 1260-61 (10th Cir. 2001) in support of the idea that the ALJ had some obligation to recontact Dr. Durham. The portion of that opinion dealing with the duty to recontact a physician was amended on rehearing and is properly cited as *White v. Barnhart*, 287 F.3d 903, 908-09 (10th Cir. 2001). On rehearing the *White* Court did not so much change its analysis as it clarified that it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician. Instead, the duty to recontact the treating physician is triggered when the evidence received from the treating physician is not adequate to determine whether Plaintiff is disabled. In this case the treating physician evidence was not inadequate, it simply failed to support the extreme limitations Dr. Durham assigned to Plaintiff.

## **Application of the Medical-Vocational Guidelines (Grids)**

The Grids 20 C.F.R. Pt. 404, Subpt. P, App. 2., reflect the existence of jobs in the national economy at various skill, exertional and education levels. When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

Plaintiff argues that the amputation of the tips of his middle finger and thumb on the left hand on January 7, 2006, and his pain prevent his performance of the full range of sedentary work which makes the ALJ's application of the Grids erroneous. The ALJ found there were no vocational impairments due to the reported partial amputation of digits. [Dkt. 13-2, p. 13]. There is no information in the record to suggest that any limitations resulted from the cuts Plaintiff suffered on his fingers. When the dressing was changed on January 9, 2006, the physician recorded that Plaintiff "cut his left hand middle finger and thumb with

5

a knife while he was cutting some meat." [Dkt. 13-7, p. 108]. The emergency room recorded the diagnosis as "amputation to left thumb and middle finger," [Dkt. 13-7, p. 94]. However, the doctor who changed the dressing described the wound as "a small avulsion type laceration of the distal fat pad of the thumb and long finger." *Id.* There is no further mention in the medical record or in Plaintiff's testimony of any limitations stemming from this injury. The court finds that there were no hand or finger limitation established that would preclude application of the Grids.

Plaintiff also argues that pain is a non exertional limitation that prevents the ALJ's reliance on the Grids. Specifically, Plaintiff states that his chronic low back pain prevents him from sitting for prolonged periods of time. However, the ALJ specifically considered Plaintiff's complaints of pain and his alleged inability to sit for any length of time and found them to be not credible as they were inconsistent with the whole of the medical record. [Dkt. 13-2, pp. 17-22]. Plaintiff did not challenge the ALJ's credibility determination.[2]

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 21st day of December, 2010.

---

[2] The first paragraph of Plaintiff's brief mentions credibility and asserts "the ALJ did not properly determine the credibility of Harrison's [sic] subjective complaints." [Dkt. 15, p. 1]. However, that assertion is not developed further and the undersigned declines to address it. The argument is not a developed one that this Court can review in a meaningful way. See *Wall v. Astrue*, 361 F.3d 1048, 1066 (10th Cir.2009) (perfunctory presentation of argument by claimant deprived the district court of the opportunity to analyze and rule on issue); *Zumwalt v. Astrue*, 220 Fed. Appx. 700, 776-77 (10th Cir.2007) (unpublished) (waiver rules apply in Social Security disability context when issues are not sufficiently preserved).

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE